UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AMANDA HUSTED,

                      Plaintiff,

    v.                                            5:23-CV-79
                                                    (DNH/ATB)

LEE SHIBLEY,

                      Defendant.

AMANDA HUSTED, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Amanda Husted. (Dkt. No. 1) ("Compl."). Plaintiff has also moved to proceed in forma pauperis. (Dkt. No. 2).

**I.    IFP Application**

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). After reviewing her application and supporting documents, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

II. **Complaint**

Plaintiff's complaint was submitted on the template for a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that, in March 2017, she and her husband signed a three-year lease for a storefront with defendant, who became their

2

landlord. Plaintiff's husband was incarcerated in November 2019. Thereafter, defendant, without a court order, allegedly changed the locks on the building, prevented plaintiff from entering the property, and took possession of a food cart mobile unit and merchandise belonging to plaintiff and her husband.

### III. Section 1983

#### A. Legal Standards

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

While private individuals are not state actors, such individuals can be liable under Section 1983 if they acted either "jointly" or "in conspiracy" with a state actor to deprive the plaintiff of a constitutional right. *Stewart v. Victoria's Secret Stores*, LLC, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012); *see also Betts v. Shearman*, 751 F.3d 78, 84

n.1 (2d Cir. 2014). However, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a Section 1983 claim against the private entity."

For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

**B.    Analysis**

The plaintiff may have intended to assert a claim that her landlord deprived her of property without due process of law, contrary to the Fourteenth Amendment, or improperly seized her property, contrary to the Fourth Amendment. However, plaintiff's landlord is clearly a private individual pursuing his personal interests. The complaint provides no facts to suggest that he acted in concert with or under the authority of any state actor. In fact, the complaint makes clear that the landlord acted

without a court order, and there is no suggestion that he utilized or invoked the authority of the courts or any other government official or entity. Because plaintiff has failed to plausibly allege that her landlord acted under color of state law, the complaint fails to state any claims for relief under § 1983. *See, e.g., Srubar v. Rudd, Rosenberg, Mitofsky & Hollender*, 875 F. Supp. 155, 159, 165 (S.D.N.Y. 1994), *aff'd*, 71 F.3d 406 (2d Cir. 1995) (tenant's Section 1983 claims against landlord and his attorney for their conduct relating to eviction proceedings was subject to dismissal for lack of state action, notwithstanding plaintiff's vague allegations regarding a conspiring state agent).

## IV. Subject Matter Jurisdiction - Diversity Jurisdiction

### A. Legal Standard

Federal courts exercise limited jurisdiction pursuant to Article III of the Constitution. A court may exert subject matter jurisdiction over claims in which: (1) there is a federal question in that a colorable claim arises under the Constitution, laws or treaties of the United States, and/or if (2) there is complete diversity of citizenship between each plaintiff and all defendants and a minimum of $75,000 in controversy. 28 U.S.C. §§ 1331, 1332. In the absence of a basis for exercising jurisdiction, the case must be dismissed. See Fed. R. Civ. P. 12(h)(3).

### B. Analysis

As previously discussed, the court recommends dismissing the federal claims raised in the complaint, namely plaintiff's alleged Section 1983 causes of action. To the extent that plaintiff's complaint attempts to allege any claims outside the court's federal question jurisdiction, such as state law claims for wrongful eviction, trespass,

conversion, and/or tortious interference with business, diversity jurisdiction would be required.[1] In this case, however, there is no indication that the parties are diverse: plaintiff alleges that both she and the defendant maintain addresses in Syracuse, New York. (Compl. at 1). She makes no further allegations regarding citizenship. Accordingly, plaintiff has failed to invoke this court's diversity jurisdiction. *See Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete.") (citations omitted). Because plaintiff has failed to state any claims for relief invoking either the court's federal question jurisdiction or diversity jurisdiction, dismissal is warranted for lack of subject matter jurisdiction.

## V. **Opportunity to Amend**

### A. **Legal Standards**

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

---

[1] This is assuming that plaintiff had sufficiently plead such a state law claim, a question the court need not reach at this juncture.

6

### B. Analysis

The court is recommending dismissal of this action for lack of subject matter jurisdiction. Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018). This court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in her complaint. As there appears no basis for plaintiff to raise her claim against her landlord in federal court, the court should not allow plaintiff to amend, notwithstanding a dismissal without prejudice. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637(GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the court recommends dismissal without leave to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**, for purposes of filing and any appeal, unless the trial court certifies in writing that the appeal is not taken in good faith (see 28 U.S.C. § 1915(a)(3)), and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity for amendment, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:     January 25, 2023

_____
Andrew T. Baxter
U.S. Magistrate Judge